UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

            Plaintiff,

    v.

Michael Troy Olson,

            Defemdant.

**MEMORANDUM OPINION
AND ORDER**
Criminal No. 04-398 ADM/FLN

_____

Joseph T. Dixon, III, Esq., Assistant United States Attorney, Minneapolis, MN, on behalf of the Plaintiff.

Michael Troy Olson, pro se.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Defendant Michael Troy Olson's ("Olson") Pro Se Motion [Docket No. 85], Olson's Second Pro Se Motion [Docket No. 86], and Olson's Motion to Amend/Correct an Error [Docket No. 89]. For the reasons set forth below, Olson's motions are denied.

## II. BACKGROUND

On August 10, 2004, a search warrant for Olson's residence led to the discovery of three firearms. Presentence Investigation ¶ 6. The principal investigator was New Hope Police Department Sergeant Doug Brunner ("Sergeant Brunner"), who was assigned to the Northwest Metro Drug Task Force at that time. Letter from Joseph T. Dixon, III, Assistant United States Attorney, to Chief Judge Michael J. Davis (Sept. 22, 2010) (on file with the Court). Olson claims Sergeant Brunner obtained the search warrant based on the statements of two confidential informants that they had seen Olson engage in methamphetamine transactions and carry a

firearm. That search warrant has since been destroyed pursuant to Hennepin County Court policy. Investigative Report from Tim Trebil for Fed. Defender Katherian Roe (Oct. 8, 2010) (on file with the Court). Hennepin County records reflect that Sergeant Brunner was the affiant for the search warrant. Id.

In January 2005, after a jury trial, Olson was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). See Jury Verdict [Docket No. 31]. In August 2005, Olson was sentenced by then-Chief Judge James M. Rosenbaum to two hundred and seventy-five months imprisonment, to be followed by five years supervised release. Judgment [Docket No. 38]. Olson appealed his sentence and conviction to the United States Court of Appeals for the Eighth Circuit (the "Eighth Circuit") arguing that the district court lacked jurisdiction because of a deficient indictment, and that he was improperly sentenced. United States v. Olson, 177 Fed.Appx. 512, 512 (8th Cir. 2006). The Eighth Circuit affirmed his conviction and sentence. Id. at 513.

In June 2008, Olson filed a pro se petition [Docket No. 54] purporting to invoke his First Amendment rights and asking that his sentence and conviction be vacated. Judge Rosenbaum construed his petition as a motion pursuant to 28 U.S.C. § 2255 and denied the motion by Order [Docket No. 57] dated August 15, 2008. In December 2008 and again in May 2009, Olson filed additional pro se petitions [Docket Nos. 64 & 67] purporting to invoke the First Amendment. More pro se motions [Docket Nos. 72-76] followed. The petitions were again construed as § 2255 motions and denied and the other motions were denied as moot by Order [Docket No. 77] dated November 25, 2009. Another pro se motion [Docket No. 82] followed, and was denied by Order [Docket No. 83] dated June 23, 2010.

2

This case was reassigned to the undersigned Judge on October 14, 2010 due to Judge Rosenbaum's retirement. Olson has now filed several additional pro se matters [Docket Nos. 85 & 86], as well as sending several letters to the Court, that also purport to invoke the First Amendment and ask that his sentence be vacated. Olson's motions allege that the search warrant was based on falsified statements from two confidential informants who were never made available for cross-examination. Olson also alleges that the prosecutor allowed Olson's roommate to perjure himself at trial. As a result, Olson argues that his conviction was in violation the Confrontation Clause, the Fourth Amendment, and the Due Process Clause.

### III. DISCUSSION

Olson's motions [Docket Nos. 85 & 86] purport to be made pursuant to the First Amendment and ask that his sentence be vacated and he be released from custody. A federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion with the trial court under 28 U.S.C. § 2255. Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). Therefore, the Court will construe Olson's two petitions as a single motion made pursuant to 28 U.S.C. § 2255.

Section 2255 provides a person in federal custody with a limited opportunity to collaterally attack the constitutionality, jurisdictional basis, or legality of his sentence. See United States v. Addonizio, 442 U.S. 178, 185 (1979). A prisoner is entitled to an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. A hearing is unnecessary if "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the

record, inherently incredible, or conclusions rather than statements of fact." Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995).

**A.      Successive § 2255 Motions**

Olson's previous petitions were construed by Judge Rosenbaum as § 2255 motions and dismissed in previous Orders [Docket Nos. 57 & 77]. A defendant that has previously filed a § 2255 motion must seek authorization from the Eighth Circuit before proceeding with a second such motion. 28 U.S.C. § 2255(h). Defendants may not bypass this requirement by purporting to invoke some other procedure. United States v. Lambros, 404 F.3d 1034, 1036 (8th Cir. 2005). Olson has not obtained authorization from the Eighth Circuit for his present motions, and therefore they must be dismissed.

Olson's motions here, and his previous petitions, all purport to invoke the First Amendment. Olson is correct that the First Amendment protects his right to "petition the Government for a redress of grievances." U.S. Const. amend. I. However, nothing in the First Amendment entitles him to any legal relief. His sentence may be vacated only pursuant to the proper legal procedures. Olson's history of attempts to evade procedural requirements have led to a consistent result–his filing is construed as yet another § 2255 motion and is summarily denied. If Olson has any legitimate grievance regarding his incarceration, he must follow the proper legal procedure to address that grievance.

**B.      Statute of Limitations**

Even if this were Olson's first § 2255 motion, it would be barred by the applicable one year statute of limitations. Section 2255(f) allows defendants one-year from conviction, absent other circumstances, to file a § 2255 motion. 28 U.S.C. § 2255(f). Olson was convicted in

4

January 2005, nearly five years ago. Furthermore, to the extent Olson's motions complain of the use of confidential informants as the basis for the search warrant for his residence, that search warrant was executed over five years ago. To the extent Olson's motions complain of the prosecutorial misconduct at trial, that conduct occurred nearly five years ago. Therefore, Olson's petitions are dismissed as time-barred.

**C.      Procedural Default**

A defendant's failure to raise an issue on direct appeal constitutes a procedural default barring him from raising it for the first time in a § 2255 motion. Mathews v. United States, 114 F.3d 112, 113 (8th Cir. 1997). A defendant may, however, overcome procedural default if he can show both (1) a cause that excuses the default, and (2) actual prejudice from the alleged errors. Id.

Here, Olson cannot overcome procedural default because no cause exists to excuse the default. At the time of his appeal to the Eighth Circuit, the role of confidential informants in his conviction was apparent. Olson claims his suspicions about the validity of the search warrant in his case were aroused by a newspaper article concerning the Metro Gang Strike Force. His search warrant, however, was based on the affidavit of a police officer working with the Northwest Metro Drug Task Force, not the Metro Gang Strike Force. No cause excuses Olson's failure to raise his arguments regarding the propriety of the search warrant, prosecutorial misconduct, or the Confrontation Clause on direct appeal.

### IV.  CERTIFICATE OF APPEALABILITY

To the extent that Olson's pro se motions are properly construed as a § 2255 Motion, the Court declines to grant a certificate of appealability. The Court may grant a certificate of

appealability only where a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Tiedeman v. Benson, 122 F.3d 518, 523 (8th Cir. 1997). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court finds it unlikely that another court would decide the issues raised in this motion differently, or that any of the issues raised in Olson's motion would be debatable among reasonable jurists.

## V. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Olson's Pro Se Motion [Docket No. 85] and Second Pro Se Motion [Docket No. 86] are construed as a § 2255 Motion that is **DENIED**; and

2. Olson's Motion to Amend/Correct an Error [Docket No. 89] is **DENIED**.[1]

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: December 10, 2010.

---

[1] Olson's Motion to Amend/Correct an Error is now moot in light of the denial of his other motions. Olson sought to amend his motions to state that Sergeant Brunner was a member of the "Midwest Drug Task Force" not the Metro Gang Strike Force. Because Sergeant Brunner was a member of the Northwest Metro Drug Task Force, the Court would deny that motion even if it were not rendered moot by the rulings on Olson's other motions.