# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

      Plaintiff,

  v.                                 **ORDER**
                                      Criminal No. 04-398 ADM/FLN

Michael Troy Olson,

      Defendant.

___

Lisa D. Kirkpatrick, Esq., Assistant United States Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Michael Troy Olson, pro se.

___

      On July 5, 2016, Defendant Michael Troy Olson filed a Motion to Dismiss 924(e) ACCA Sentence Enhancement [Docket No. 128]. Olson's Motion asserts relief under Johnson v. United States, 135 S.Ct. 2551 (2015), the recent case that invalidated the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). Olson argues that his sentence enhancement under the ACCA should be vacated because his prior burglary conviction does not qualify as a predicate offense for purposes of the ACCA.

      The Government responded by filing a Motion to Dismiss for Lack of Jurisdiction [Docket No. 129]. The Government argues that Olson's Motion, while styled as a motion to dismiss, is properly construed as a motion to vacate or correct sentence under 28 U.S.C. § 2255. Since Defendant has filed previous § 2255 motions, the Government argues that Defendant must seek permission from the Eighth Circuit Court of Appeals before a successive § 2255 may be entertained by this Court.

      This is not the first time Defendant has attempted to avoid the successive § 2255 rule.

Recently, Olson invoked Federal Rule of Civil Procedure 60 and <u>Johnson</u> to challenge his ACCA enhancement.  <u>See</u> Order [Docket No. 124].  Once the mask of Rule 60 was removed, it was plain that Olson was seeking relief that was only available under 28 U.S.C. § 2255.  <u>Id.</u>  With this Motion, Olson is again attempting to disguise a § 2255 motion by naming it something else.

Olson's motion seeks relief under § 2255.  <u>See</u> <u>Lopez-Lopez v. Sanders</u>, 590 F.3d 905, 907 (8th Cir. 2010) ("A federal inmate generally must challenge a conviction or sentence through a § 2255 motion.").  Since Olson has not received permission to file a successive § 2255 motion, this motion is denied.[1]

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Michael Troy Olson's Motion to Dismiss 924(e) ACCA Sentence Enhancement [Docket No. 128] is **DENIED**;

2. United States of America's Motion to Dismiss for Lack of Jurisdiction is **GRANTED**.

BY THE COURT:

    S/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  August 19, 2016.

---

[1] In his Reply [Docket No. 130], Olson argues that this Court has the authority to forward this motion to the Eighth Circuit.  Olson is, presumably, asking this so as to make his "request" to the Circuit to file a successive § 2255.  Because Olson has at least one outstanding request of this nature pending with the Eighth Circuit, such action is unnecessary.  <u>See</u> Appeal No. 16-1850.